979 F.2d 848
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LAKE MURRAY DOCKS, INCORPORATED, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
SOUTH CAROLINA ELECTRIC & GAS COMPANY, Intervenor.
 No. 92-1202.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 21, 1992
Decided: November 23, 1992
 
 On Petition for Review of an Order of the Federal Energy Regulatory Commission.
 James L. Leslie, Jr., Bruner & POWELL, Columbia, South Carolina, for Petitioner.
 William S. Scherman, Jerome M. Feit, Howard B. Schneider, Federal Energy Regulatory Commission, Washington, D.C., for Respondent.
 Randolph R. Mahan, South Carolina Electric & Gas Company, Columbia, South Carolina; Peyton G. Bowman, III, Brian J. McManus, Joseph J. DiMona, Reid & Priest, Washington, D.C., for Intervenor.
 F.E.R.C.SYAFFIRMED.
 Before HALL and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Lake Murray Docks, Inc. (Lake Murray) appeals from an order of the Federal Energy Regulatory Commission (the FERC) denying Lake Murray's petition for rehearing. Because we find that the FERC's decision is supported by substantial evidence, we affirm.
 
 
 2
 This case involves two sets of orders of the FERC issued between 1985 and 1991. In October 1984 Lake Murray filed a complaint with the FERC against South Carolina Electric & Gas Company (the Company), alleging discrimination by the Company with respect to permits, liability insurance, and annual fees in comparison with all other commercial dock operators.[1] The FERC issued an order in September 1985 finding that the Company was not discriminating against Lake Murray and dismissing Lake Murray's complaint. Lake Murray filed a timely request for rehearing, which the FERC denied in February 1988, after requiring the Company to file additional information regarding the issues in Lake Murray's petition for rehearing. Lake Murray did not seek review of the February 1988 order denying rehearing.
 
 
 3
 Lake Murray filed a pleading with the FERC in April 1990 entitled "Notice of Appeal of the Order Denying Rehearing" in which Lake Murray stated it had not been served with a copy of the FERC's February 1988 order denying rehearing. By letter dated May 21, 1990, the FERC acknowledged that it had failed to serve the order on Lake Murray and informed Lake Murray that its notice of appeal would be treated as a new complaint.
 
 
 4
 On December 6, 1991, the FERC issued an order which reassessed Lake Murray's claims, found that no new information was presented, and dismissed the complaint on the basis of res judicata. Lake Murray filed a timely petition for rehearing on January 2, 1992, which the FERC denied on February 3, 1992. This appeal followed.
 
 
 5
 Judicial review of FERC orders is governed by Section 313(b) of the Federal Power Act (FPA), 16 U.S.C. § 825 1(b) (1988), which provides that "[t]he finding[s] of the Commission as to the facts, if supported by substantial evidence, shall be conclusive." See Appomattox River Water Auth. v. FERC, 736 F.2d 1000, 1002 (4th Cir. 1984); Consolidated Gas Supply Corp. v. FERC, 653 F.2d 129, 133 (4th Cir. 1981); Atlantic Seaboard Corp. v. FPC, 397 F.2d 753, 755 (4th Cir. 1968).
 
 
 6
 This Court has also made clear that our function is not "to reweigh the evidence and draw inferences therefrom." Nantahala Power & Light Co. v. FERC, 727 F.2d 1342, 1345 (4th Cir. 1984). Rather, we are required to defer to the expertise of the agency and affirm its decision unless there is not a rational basis for its action. Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 290 (1974).
 
 
 7
 The FERC's construction and interpretation of the terms and conditions of licenses it has issued are also entitled to deference, Pacific Gas & Elec. Co. v. FERC, 720 F.2d 78, 84 (D.C. Cir. 1983), and must be upheld unless clearly erroneous. Gas & Elec. Dep't v. FERC, 629 F.2d 197, 202-03 (1st Cir. 1980).
 
 
 8
 Upon review of the entire record in this proceeding, we cannot say that the FERC's findings of fact in this matter are not supported by substantial evidence. To the contrary, the FERC's decision of December 6, 1991, addresses in detail Lake Murray's specific allegations of the Company's inconsistent treatment of other commercial dock operators. Based upon the evidence presented by both parties, the FERC found that the Company acted consistently with its stated policy[2] and did not discriminate against Lake Murray.
 
 
 9
 Because we find that the FERC's findings of fact in this case are supported by substantial evidence, and provide a rational basis for its decision, we affirm the FERC's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Lake Murray contends that the alleged discrimination violates Section 2.7 of the FERC's regulations, 18 C.F.R. § 2.7 (1991), which provides that licensees and operators of recreational facilities may charge reasonable fees to users of recreational resources to help defray the cost of constructing, operating, and maintaining such facilities. The section further states that any such user fees should be levied and applied by the licensee in a nondiscriminatory manner
 
 
 [2]
 The Company's policy was to charge annual fees and impose liability insurance requirements for docks constructed in or after 1980 but not to docks constructed before 1980, even though permits for such pre-1980 docks were not issued by the Company until 1980 or thereafter. The FERC specifically found that the Company's policy does not violate the antidiscrimination provision of Section 2.7 of the regulations